# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON

**MORGAN MIDDLETON and**
**ALEX MIDDLETON, As parents and**
**guardians on behalf of their minor child,**
**R.M.**
      **Plaintiffs,**

v.                                              **Civil Action No.** 3:22-cv-00048
                                                      **JURY TRIAL DEMANDED**

**PLAYMATES PRE-SCHOOL AND**
**CHILD-CARE CENTERS, INC.,**
**CANDI HARRISON,**
**and ALEXANDRA PERDUE,**

      **Defendants.**

## COMPLAINT

Plaintiffs, Alex Middleton and Morgan Middleton, as guardians and parents on behalf of the minor child, R.M bring the following causes of action against Defendants,

## PARTIES

1. Plaintiff Alex Middleton is the father of R.M., a minor. Plaintiff Morgan Middleton is the mother of R.M. Plaintiffs currently reside in Sarasota County, Florida.

2. Defendant Playmates Pre-School and Child Care Centers, Inc. does business as a childcare facility for minors. At all times mentioned herein, Defendant Playmates Pre-School and Child Care Centers, Inc., do business in Wayne County, West Virginia.

3. Defendant Candi Harrison is a citizen and resident of West Virginia, and serves as the Director at Playmates' Buffalo-Wayne location during the relevant times alleged in this Complaint.

1

4. Defendant Alexandra Perdue is a citizen and resident of West Virginia, and serves as an employee at Playmates during the relevant times alleged in this Complaint.

## JURISDICTION

5. This Court has jurisdiction and venue of this matter under 28 U.S.C § 1332 because the parties are citizens of different states and the amount in controversy in this matter based on the damages sought exceeds $75,000.

6. A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district and venue lies under 28 U.S.C § 1391(b)(2).

## FACTUAL BACKGROUND

7. During the 2020 to 2021 school year, six-year-old R.M., attended Playmates Pre-School and Child-Care Centers, Inc., childcare. R.M. was born on April 24, 2015. Specially, he attended the Playmates Pre-School and Child-Care Center located at Buffalo Creek in Wayne County, West Virginia.

8. R.M. was diagnosed with autism when he was approximately 18 months. Due to his autism, R.M. has difficulty communicating.

9. On or about March 11, 2021, R.M. was attending Buffalo Creek Playmates facility as he normally would do on a weekday.

10. At approximately 12:00-12:30 p.m. – according to surveillance videos – R.M. was bouncily playing with his teachers. Defendant Perdue swung her arms at the child striking him so hard that it caused R.M. to fall backward hitting his head violently against the ground.

11. Following the incident, Defendants did not call medical providers, nor did they treat R.M. for injuries other than applying ice to a severe head injury. R.M. was clearly in significant

pain and suffered a head injury while displaying lethargic, concussion symptoms. Defendants did not contact R.M.'s parents at the time either.

12. Approximately one hour and a half to two hours later, Defendant Harrison texted Alex that his son R.M. had jumped onto a teacher's back and R.M. ultimately fell and hit his head. The text also states R.M. "seems fine but says his head is hurting."

13. During the text message exchange, Defendant Harrison stated that R.M.'s head hurts so it may be a headache.

14. Alex Middleton picked up his son R.M. at approximately 2:30-2:35 p.m. When he arrived, an employee, Ashley Mills, was cradling R.M. who was very disoriented. The following day, Ms. Mills quit her employment with Defendant Playmates.

15. Once Mr. Middleton made it home and observed his son, he messaged Defendant Harrison stating that his son, R.M., is sick to his stomach and throwing up and that he needs medical attention.

16. Plaintiff Alex Middleton sent a photo portraying R.M.'s disoriented and lethargic demeanor with his head in his lap. Defendant Harrison did not respond to Plaintiff's message.

17. Plaintiffs, Alex Middleton and Morgan Middleton, transported their son to the Emergency Room at Cabell Huntington Hospital for medical attention. R.M. was diagnosed with a concussion.

18. R.M continued to have severe medical issues after being diagnosed with a concussion. For several days R.M. was unable to keep food down after he ate meals. R.M. also had trouble sleeping for several days. To this date, R.M. has developed ticks and movements that he was not previously displaying

19. The Plaintiffs found out through their own investigation that on March 11, 2021, the day of the incident, almost two hours, if not more, had passed from the time R.M. was knocked down until the time Plaintiff Alex Middleton was first notified about R.M.'s injury. R.M. had injuries on his face where Defendant Perdue struck him and on the back of his head where he impacted the ground following the strike of Defendant Perdue.

20. On or about March 12, 2021, Plaintiffs Alex Middleton and Morgan Middleton visited Playmates to view surveillance recordings. While watching the surveillance footage, both parents clearly see Defendant Alexandra Perdue strike R.M. in an upward motion with her forearm. The blow lifted R.M.'s feet off of the ground and his head hit the floor. In addition to the concussion, R.M. also suffered a black eye and contusions to the face.

21. R.M. continues to suffer from mental and physical injuries that resulted from Defendant Alexandra Perdue's actions and Defendants' collective failure to seek timely medical care for R.M.

## COUNT I: NEGLIGENCE

22. Plaintiffs reincorporate the previous allegations here.

23. Defendants, collectively, owed a duty of care to R.M. to conduct their activities in a reasonable and prudent manner. Defendants had a duty to monitor children in their care and be trained to handle all types of children, behaviors, and children with special needs.

24. Defendants negligently and recklessly breached the duty of care they owed to R.M.

25. The actions and inactions, as described above, proximately caused physical and emotional harm to R.M.

26. Defendants' negligent and reckless misconduct was the sole proximate cause of the harm experienced by R.M.

27. As a direct and proximate result of Defendants Playmates, Alexandra Perdue, and Candi Harrison's negligence and reckless misconduct, R.M. is entitled to compensatory damages.

**COUNT II: NEGLIGENCE: FAILURE TO PROVIDE TIMELY MEDICAL CARE**

28. Plaintiffs reincorporate the previous allegations here.

29. Defendants, individually and collectively, owed a duty of care to R.M., while acting as a childcare provider and temporary guardians/custodians for R.M. while he was in their care

30. Defendants breached their duty by failing to render the appropriate medical attention and/or aid to R.M. after they knew R.M. suffered from a significant head and face injury caused by Defendants' own actions.

31. Defendants knew that R.M. was severely injured based upon their own observations, the physical and mental demeanor of R.M., and as evident in the text messages that Defendant Harrison sent to Plaintiff Alex Middleton. Defendants failed to provide adequate and timely medical treatment out of fear of exposing themselves to liability and thus attempted to downplay the child's injuries.

32. Despite Plaintiff R.M.'s severe injuries, Defendants did not provide or ensure that R.M. was immediately transported for emergency medical services.

33. Defendants did not immediately provide or transport Plaintiff R.M. for emergency medical services even though Plaintiff's condition was of such that he required immediate medical treatment and needed to be transported to this hospital immediately. An untreated head injury and/or concussion could result in long-term health ramifications for any person let alone a child.

34. Defendants did not immediately provide or transport Plaintiff for emergency medical services wantonly causing him unnecessary pain and suffering and emotional distress.

35. Defendants' actions and/or inactions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Plaintiff R.M.'s safety and care.

36. Defendants' actions and/or inactions were the direct and proximate cause of furtherance of Plaintiff's injuries, and Plaintiff seeks damages as requested in the prayer for relief.

### COUNT III: RESPONDEAT SUPERIOR/NEGLIGENT HIRING, SUPERVISION AND RETENTION

37. Plaintiffs reincorporate the previous allegations here. .

38. Defendant Playmates was negligent in several aspects, including. but not limited to the following facts:

   a. Failing to properly interview, evaluate and screen Defendant Alexandra Perdue and Defendant Candi Harrison prior to hiring;

   b. Failing to properly supervise and monitor Defendants Alexandra Perdue and Candi Harrison;

   c. Failing to remove Defendants Alexandra Perdue and Candi Harrison from Playmates Child-Care Centers, Inc., when it became apparent that they were actively engaging in inappropriate, negligent, and abusive behavior toward R.M.; and

   d. Failing to discipline and/or terminate Defendants Alexandra Perdue and Candi Harrison for failing to report the abuse to the West Virginia Department of Health and Human Resources Child Protective Services Division within twenty-four hours as required by law.

39. Defendant Playmates Child-Care Centers, Inc., had an affirmative duty to properly investigate the background of its employees prior to providing employment. Upon information and belief, Defendant Playmates breached said duty by negligently hiring Defendants Alexandra Perdue and Candi Harrison thereby directly exposing them to countless children and students, including but not limited to R.M.

40. As a direct and proximate result of the Defendant Playmates' aforesaid actions, R.M. is entitled to compensatory damages.

## COUNT IV: TORT OF OUTRAGE

41. Plaintiffs reincorporate the previous allegations here.

42. Defendants', collectively and individually, conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

43. Defendants acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from their conduct.

44. The actions of Defendants caused R.M. to suffer severe emotional distress that no reasonable person should be expected to endure.

45. As a direct and proximate result of Defendants' intentional and reckless misconduct, R.M. is entitled to compensatory damages.

## COUNT V: BATTERY (AS TO DEFENDANT PERDUE)

46. Plaintiffs reincorporate the previous allegations here.

47. Defendant Alexandra Perdue willfully, wantonly, and intentionally battered R.M. while under her care.

48. Defendant Perdue made non-consensual contact with R.M. striking a blow across R.M.'s face causing him to fall backward and strike the back of his head against the ground.

49. Defendant's reckless, willful, wanton, and intentional misconduct proximately caused physical and emotional harm to R.M.

50. Defendant Perdue caused R.M. harm – both physical, mental, and emotional as a result of the strike to R.M.'s face.

51. As a direct and proximate result of the Defendant Perdue's intentional and reckless misconduct, R.M. is entitled to compensatory damages.

### COUNT VI: ASSAULT (AS TO DEFENDANT PERDUE)

52. Plaintiff repeats and incorporates by reference the allegations contained hereinabove in each and every paragraph as if set forth herein verbatim.

53. As described above, Defendant Alexandra Perdue willfully, wantonly, and intentionally assaulted R.M. while under her care.

54. Defendant Perdue's intentional attempt and threat to inflict injury upon R.M. based upon the child's playful disposition caused R.M. harm.

55. Defendant Alexandra Perdue's reckless, willful, wanton, and intentional misconduct proximately caused physical and emotional harm to R.M. as well as creating reasonable apprehension and fear of Defendant Perdue.

56. As a direct and proximate result of the Defendants' willful, wanton, intentional and reckless misconduct, R.M. is entitled to compensatory damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Damages set forth in this Complaint, damages for permanent psychological injuries, and past and future damages including – but not limited to – pain and suffering; emotional and mental anguish; loss of enjoyment of life, indignity, embarrassment, humiliation, annoyance, shame, inconvenience; and other past and future consequently damages for which R.M. deserves to be compensated in an amount to be determined by the jury;

2. Punitive damages as provided by law;

3. Prejudgment and post-judgement interest as provided by law;

4. Attorney fees and costs as provided by law; and

5. Such further relief as this court may deem just and equitable.

**Dated: January 26, 2022.**

**PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL ISSUES.**

**ALEX AND MORGAN MIDDLETON as guardians and parents of their minor child, R.M.,
By Counsel:**

**s/ Abraham J. Saad**
**Abraham J. Saad (WVSB #10134)**
**Hoyt E. Glazer (WVSB #6479)**
**Eric B. Anderson (WVSB #11895)**
**GLAZER SAAD ANDERSON L.C.**
**320 9th Street, Suite B**
**P.O. Box 1638**
**Huntington, WV 25717-1638**
**Office: 304-522-4149**
**Facsimile: 800-879-7248**
**Email: abe@gsalaw-wv.com**
**hoyt@gsalaw-wv.com**
**eric@gsalaw-wv.com**